UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON S. WITHERSPOON,

Petitioner,

v.

RANDEE REWERTS,

Respondent.

Case No. 1:20-cv-729

Honorable Janet T. Neff

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, under the concurrent sentencing doctrine, the Court will exercise its discretion and decline to consider the petition.

## Discussion

### I. Factual allegations

Petitioner Clifton S. Witherspoon is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a three-day jury trial in the Kent County Circuit Court, Petitioner was convicted of perjury in violation of Mich. Comp. Laws § 767A.9. On October 8, 2015, the Court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 20 to 80 years.

Plaintiff is also presently serving sentences for other crimes. On October 30, 2015, following a five-day jury trial in the Kent County Circuit Court, Petitioner was convicted of armed robbery and conspiracy to commit armed robbery, in violation of Mich. Comp. Laws § 750.529, first-degree murder, in violation of Mich. Comp. Laws § 750.316, and use of a firearm during the commission of a felony (felony-firearm) second offense, in violation of Mich. Comp. Laws § 750.227b. On December 3, 2015, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to prison terms of 35 to 90 years for armed robbery and conspiracy to commit armed robbery and life for first-degree murder. The murder sentence, but not the robbery sentences, were to be served consecutively to a sentence of 5 years' imprisonment for felony-firearm. Petitioner has also challenged those convictions in this Court. *See Witherspoon v. Rewerts*, No. 1:20-cv-730 (W.D. Mich.). By order entered August 12, 2020, the Court ordered Respondent Rewerts to answer that petition.

Additionally, Petitioner is serving sentences for assault with intent to commit murder (AWIM) and felony-firearm offenses committed on November 13, 1996. Petitioner was out on parole for those crimes when he committed the present crimes. The sentences for the present

crimes are consecutive to the sentences for the 1996 AWIM/felony-firearm convictions. Pursuant to MDOC policy directive:

> if an offender is serving consecutive sentences, none of the sentences that are part of the consecutive string shall be terminated until all sentences in that string have been served. If an offender is serving two or more consecutive strings, consecutive sentences in the non-controlling strings shall be terminated upon completion of the appropriate maximum sentence plus any applicable dead time. However, if a sentence is consecutive to more than one consecutive string, that sentence shall remain active until the controlling string has been served, even though the other sentences in the non-controlling strings are terminated.

MDOC Policy Directive 03.01.135 (eff. Apr. 15, 2019). Thus, neither the perjury sentences nor the murder sentences will begin to run until the AWIM sentences have been terminated or expired. Once that termination or expiration occurs, the perjury sentences and the murder sentences will run concurrently to each other.

On August 3, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on August 3, 2020. (Pet., ECF No. 1, PageID.23.)

The petition raises four grounds for relief, as follows:

> I. Petitioner was denied his Fourteenth Amendment due process rights to be convicted upon sufficient evidence in support of a charge of perjury.
>
> II. The Equal Protection Clause of the Fourteenth Amendment was violated when the prosecutor knowingly removed Juror Hai solely on the basis of race.
>
> III. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel where his trial lawyer failed to (A) properly argue and preserve the Batson challenge, and (B) present portions of the original investigative subpoena to rebut the state's case.
>
> IV. Petitioner was denied his Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel where the above issues were not raised on direct appeal.

(Pet., ECF No. 1, PageID.12, 13, 16, 19.)

## II. Concurrent Sentence Doctrine

The "concurrent sentencing doctrine" invests the court with discretion to decline to hear a substantive challenge to a conviction when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788-91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). In these cases, the Supreme Court and the Sixth Circuit have declined to review convictions on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard guiding the court's discretion is whether there is any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *See Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, No. 89-6448, 1990 WL 116538, at *3 (6th Cir. Aug. 13, 1990); *United States v. Jackson*, No. 99-5889, 2000 WL 1290360, at *2 (6th Cir. Sept. 7, 2000); *United States v. Bell*, No. 95-6479, 1997 WL 63150, at *3 (6th Cir. Feb. 12, 1997).

Although the doctrine has its roots in direct appeals, the federal courts apply it in habeas corpus actions, citing the futility of reviewing a conviction that will not result in a petitioner's release from custody. *See, e.g., Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025 (6th Cir. Aug. 13, 1996); *Scott v. Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554 (5th Cir. 1983); *VanGeldern v. Field*, 498 F.2d 400, 403 (9th Cir. 1974). The exercise of the court's discretion depends upon the degree of prejudice that may be attributed to the challenged conviction and, specifically, the effect of any adverse collateral consequence if

the conviction not overturned. *Williams*, 714 F.2d at 555. "'[A]dverse collateral consequences' such as 'delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma[,]'" may be considered. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013). In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on . . . a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. *Id*.

Such remote consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin*, 513 F. App'x at 448. The *Buffin* Court pulled the list of collateral consequences from *United States v. DiCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). The *DiCarlo* Court, in turn, quoted the list from *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996). The *Rutledge* Court derived the list of collateral consequences from *Benton v. Maryland*, 395 U.S. 784, 790-91 (1969), and *Sibron v. New York*, 392 U.S. 40, 54-56 (1968). *DiCarlo*, *Rutledge*, *Benton* and *Sibron* were direct appeals. Moreover, *Benton* and *Sibron* considered the existence of collateral consequences because absent such a consequence there would have been no justiciable controversy in those cases. The *Benton* Court noted that the fact that it could conceive of collateral consequences that might give rise to a justiciable controversy and permit the court to exercise jurisdiction did not deprive the concurrent sentencing doctrine of validity as a rule of judicial convenience. *Benton*, 395 U.S. at 791. The *Benton* Court simply chose to not apply it in that case. *Id*. at 792. *Rutledge* and *DiCarlo* (and the other cases cited in *DiCarlo*) are all double jeopardy cases where the existence of collateral consequences, no matter how slight, creates the multiple punishments barred by the Double Jeopardy Clause. Such slight or remote collateral consequences should not preclude application of the concurrent sentencing doctrine when jurisdictional and double jeopardy considerations are not at issue. If they did, the doctrine would simply disappear.

The present case is appropriate for application of the concurrent sentencing doctrine. Petitioner is serving (or will serve) a sentence of 20 to 80 years for perjury, at the same time he is serving (or will serve) sentences of 35 to 90 years for robbery sentences. The present petition challenges only Petitioner's conviction and sentence for perjury. Thus, even if the court were to vacate that conviction, the maximum relief available would be invalidation of that sentence, still leaving Petitioner with the balance of his 35 to 90 year robbery sentences (and the concurrent life sentence for murder that is consecutive to his 5-year felony firearm sentence). Release from prison would not be available even if the conviction challenged in this petition were vacated.

Moreover, the sorts of collateral consequences that counsel against application of the doctrine seem to be unlikely in Petitioner's case. Petitioner has already worked himself up to the very peak of Michigan's habitual offender sentencing scheme. Even if Petitioner's perjury conviction is overturned his next felony will still put him in the habitual offender-fourth offense category. Mich. Comp. Laws § 769.12. Petitioner's significant criminal history would rob the perjury offense of any singular significance in the eyes of a subsequent parole board, jury, or pardoning authority. Moreover, the stigma associated with Petitioner's criminal history is not likely to be meaningfully reduced if Petitioner's perjury conviction were removed.

If the concurrent sentencing doctrine retains any vitality—and the Supreme Court and the Sixth Circuit Court of Appeals indicate that it does—this is a case where it should be applied. Accordingly, the Court will exercise its discretion and decline to consider this habeas petition. Should Petitioner succeed in his challenge to his convictions or sentences in the other petition, the concurrent sentencing doctrine would no longer apply and Petitioner could refile this petition.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

This Court's dismissal of Petitioner's action under the concurrent sentence doctrine stands entirely separate from the merits of Petitioner's claim. The dismissal is more in the nature of a procedural dismissal. The dismissal, however, is entirely within the discretion of the Court under the doctrine. The Court finds that reasonable jurists could not conclude that this Court's determination that the concurrent sentencing doctrine is applicable here is debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has

failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: September 3, 2020

/s/ Janet T. Neff
Janet T. Neff
United States District Judge